UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES COLVIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-4982** |
| **JAMES M. LEBLANC** | **SECTION: "I"(5)** |

### REPORT AND RECOMMENDATION

Petitioner, James Colvin, filed the above-captioned petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Before the Court is a Motion for Summary Judgment, filed by the Respondent (Louisiana Department of Public Safety and Corrections). The motion, along with the entire matter, was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon review of the record, the Court has determined that the matter can be disposed of without an evidentiary hearing. For the following reasons, **IT IS RECOMMENDED** that the motion for summary judgment be **GRANTED** and the petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

### Factual and Procedural History

Petitioner, James Colvin, is a convicted inmate currently incarcerated at the B.B. (Sixty) Rayburn Correctional Center in Angie, Louisiana. On April 28, 1983, he was convicted of one count of armed robbery in the First Judicial District Court for Caddo Parish, Louisiana. On June 2, 1983, he was sentenced to an 80-year term of imprisonment at hard

labor without benefit of parole, probation or suspension of sentence.[1] The Louisiana Second Circuit Court of Appeal affirmed his conviction and sentence on direct appeal.[2] The Louisiana Supreme Court denied his application for a writ of certiorari.[3]

On August 23, 1986, he escaped with two other inmates from the Louisiana State Penitentiary at Angola. He went on a multi-state crime spree committing various federal offenses for which he was ultimately convicted and sentenced in October 1987.[4] On April

---

[1] Following his conviction, Colvin filed several applications for post-conviction relief in the state district court and appellate court, challenging the constitutionality of his armed robbery conviction and sentence. However, those proceedings, which began in 1985 and are still ongoing at present, *i.e.*, the Court takes judicial notice of the proceedings currently pending in the Louisiana Supreme Court on the State's supervisory writ application from the Louisiana Second Circuit's recent order remanding for an evidentiary hearing on his claims of ineffective assistance of counsel raised in his 1985 application for post-conviction relief, will not be discussed as they are not germane to the issues presented here. *See* Rec. Doc. 1-1, p. 7, Exhibit C (*State v. Colvin*, 51,877-KW (La. App. 2 Cir. Oct. 5, 2017)); La. S.C.t Writ No. 2017-KP-1840. The Court's research revealed that Colvin has also pursued habeas relief from his state court conviction and sentence in the federal courts. *See James L. Colvin v. Warden*, Civ. Action No. 14-1017-P (W.D. La. 2014) (28 U.S.C. § 2254 habeas petition dismissed with prejudice as untimely). Here, Colvin is not challenging the validity of the state-court armed robbery conviction or sentence imposed, but rather state officials' purported illegal custody over him and the manner in which his sentence is being executed, under the general habeas authority of 28 U.S.C. § 2241. *See, e.g., Johnson v. Cain*, Civ. Action No. 15-310, 2015 WL 10438640, at *3 (E.D. La. June 4, 2015), *report and recommendation adopted*, 2016 WL 892610 (E.D. La. March 9, 2016) (construing 28 U.S.C. § 2254 petition as § 2241 petition and dismissing Louisiana Department of Corrections's Motion for Summary Judgment as moot and the petition for habeas corpus relief without prejudice for failure to exhaust required state remedies). The Court also notes that under the circumstances the instant petition would not be considered second or successive. *See Rogers v. Robinson*, Civ. Action No. 14-1527, 2015 WL 4168696, at *3-4 (E.D. La. July 2, 2015).

[2] *State v. Colvin*, 452 So.2d 1214 (La. App. 2 Cir. 1984).

[3] *State v. Colvin*, 457 So.2d 1199 (La. 1984).

[4] Rec. Doc. 1-1, pp. 10-20 (Exhibits E-G).

22, 2016, he was due to be released from federal custody on supervised parole, but was transferred to state custody to serve the remainder of his state sentence for armed robbery in Louisiana.[5] The Department's most recent Master Record reflects that his sentence is to run consecutively with his federal release and his full-term release date (as amended in January 2018) is March 26, 2092.[6]

Colvin filed his federal petition seeking habeas corpus relief under 28 U.S.C. § 2241.[7] In his federal petition, he argues that "the Louisiana Department of Public Safety and Corrections (DPSC) handed over primary custody of [his] person without presenting either a written request for permanent or temporary custody or a writ of habeas corpus ad prosequendum in 1986-87, <u>after</u> [he] had been returned to the custody of the Louisiana DPSC from an escape from Angola Prison where [he] began an eighty (80) year sentence in 1983."[8] He alleges the Department waited until July 2015 to file a purported detainer in the form of a letter upon learning of his pending release on federal parole.[9] Thus, he contends he was illegally detained and extradited from the United States Penitentiary at Lewisburg,

---

[5] *Id.* at 23 (Exhibit H-2).

[6] Rec. Doc. 8-1; *see also* Rec. Doc. 1-1, p. 27 (Exhibit J), p. 31 (Exhibit K), p. 37 (Exhibit M).

[7] Rec. Doc. 1, Petition.

[8] Rec. Doc. 1, p. 14. In support, he references his attached "Exhibit B," which reflects only the judgment of conviction and sentence for armed robbery imposed on June 2, 1983. Rec. Doc. 1-1, pp 3-5.

[9] Rec. Doc. 1-1, pp. 1-2 (Detainer, 7/15/15).

3

Pennsylvania to Louisiana without a valid detainer or warrant and absent a waiver or proper hearing. He also complains about the manner in which his sentence is being calculated by the Louisiana Department of Corrections. He argues that the Department's refusal to credit his state sentence with time served in federal custody on "offender assigned status" has resulted in an additional 30 years for a full-term release date of 2092, and requires him to serve his sentence in "installments" in violation of double jeopardy principles and due process.[10] Colvin requests immediate release from state custody to his currently active federal parole or court intervention to stop the Department from "artificially extending" his state sentence.[11] The Court subsequently allowed Colvin's request to submit additional documentary evidence, *i.e.*, an offender annual assessment dated 6/19/18, in support of his claims.[12]

The Respondent has filed a motion for summary judgment asserting that Colvin is not entitled to relief because he failed to exhaust his remedies in the state courts.[13] An affidavit in support of the motion attests "there is no evidence that Colvin sought any form of judicial

---

[10] Rec. Doc. 1, p. 15; *see also* Rec. Doc. 1-1, pp. 36-37 (Exhibit M).

[11] Rec. Doc. 1, Petition, p. 8. Incorporated with his petition was also a document entitled motion for stay of state proceedings wherein he requested the court order the State of Louisiana to issue a stay of the state proceedings and release him on his currently active federal parole based on the purported warrantless detainer and illegal extradition. The Court need not resolve whether a stay is necessary given that there are no pending state criminal proceedings at the present time and Colvin has not exhausted his available state remedies.

[12] Rec. Docs. 8, 9.

[13] Rec. Doc. 10, Motion for Summary Judgment.

relief within the Louisiana state court system regarding the claims presented in the above-entitled action."[14] In response, Colvin does not dispute Respondent's contention that he has not presented these claims to the state courts.[15] Instead, he contends he has no obligation to exhaust the claims in the state courts because he is challenging not the imposition of the sentence or the conviction itself, but rather, the execution of the sentence. He argues that the first-step administrative grievance forms he filed with Rayburn Correctional Center, through the Administrative Remedy Procedure, complaining of illegal detention and miscalculation of sentence, fulfill the exhaustion requirements.[16]

## Analysis

*A. Summary Judgment*

Pursuant to Rule 12 of the Habeas Rules, "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rule 12, Rules Governing Section 2254 Habeas Cases in the United States District Courts; *see also* Fed. R. Civ. P. 81(a)(4). Federal Rule of Civil Procedure 56(a) has been held to apply in the context of federal habeas proceedings, *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), to the extent that it does not conflict with

---

[14] Rec. Doc. 10-4 (Affidavit of Emerald Skipper).

[15] Rec. Doc. 14. The Court notes that Colvin's supplemental memorandum in opposition (Rec. Doc. 15) is virtually identical to his memorandum in opposition.

[16] Rec. Doc. 1, p. 20; Rec. Doc. 1-1, pp. 24-25 (Exhibit I - Response to grievance submitted 10/31/16); pp. 34-35 (Exhibit L - Response to grievance submitted 3/26/18); pp. 38-39 (Exhibit N - Response from ARDC Specialist – Records dated 3/16/18).

5

the habeas rules. *Fuller v. Davis*, Civ. Action No. H-17-1959, 2018 WL 2933283, at *7 (S.D. Tex. June 12, 2018) (citing *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004)). Summary judgment is appropriate when the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To overcome summary judgment, the nonmoving party must set forth specific facts showing the existence of a genuine issue. *See* Fed. R. Civ. P. 56(c)(1).

### B. Exhaustion of State Remedies

Although the statutory language of 28 U.S.C. § 2241(c) contains no express exhaustion requirement, a federal court should abstain from the exercise of its habeas jurisdiction if the issues raised in a petition may be resolved on the merits in the state courts or by some other state procedure available to the petitioner. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Edge v. Stalder*, 83 F. App'x 648, 2003 WL 22976091, at *1 (5th Cir. 2003); *Greer v. St. Tammany Parish Jail*, 693 F. Supp. 502, 508 (E.D. La. 1988); *see also Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489–92 (1973). The exhaustion doctrine is applied to Section 2241(c) as a matter of comity and is based on federalism grounds to protect the state courts' important independent jurisdictional opportunity to address and initially resolve any constitutional issues arising within their jurisdiction and to limit federal interference in the state adjudicatory process. *Dickerson*, 816 F.2d at 225. In Section 2241 cases, exhaustion may be excused only under special circumstances. *Dickerson*, 816 F.2d at 225 (citing *Braden*, 410 U.S. at 489). Exceptions exist if the state remedies are either

6

"unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Montano v. Texas*, 867 F.3d 540 (5th Cir. 2017) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)).[17]

Generally, the exhaustion requirement is satisfied only when all grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). To exhaust his claims in the state courts, a petitioner must fairly present the same claims and legal theories he urges in this federal court to the state courts through the Louisiana Supreme Court in a procedurally proper manner and provide the state courts with a full opportunity to address those claims. Louisiana law requires that an appropriate post-conviction claim be brought in an application for post-conviction relief filed in the state district court. La. Code Crim. P. art. 924 *et seq*. The petitioner may then seek supervisory review in the appellate court, La. Code Crim. P. art. 930.6, and

---

[17] Colvin has cited no relevant grounds or controlling precedent for dispensing with the exhaustion requirement under the circumstances presented here. The cases cited by Colvin in his response involve challenges to the BOP's calculation of federal sentences. *See e.g.*, *Moreland v. Federal Bureau of Prisons*, 363 F.Supp.2d 882, 2005 WL 757154 (S.D. Tex. 2005) ("The Bureau has adopted a uniform policy to calculate the amount of good time awarded per year under 18 U.S.C. § 3624(b)(1), expressed in 28 C.F.R. § 523.20. In light of the Bureau's established policy, it would be patently futile to require Moreland to continue seeking an administrative remedy."); *Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990) ("hold[ing] only that the federal authorities have an obligation, on the peculiar facts before us, to look at Barden's case and exercise the discretion the applicable statute grants the Bureau to decide whether the state prison in which he served his sentence should be designated as a place of federal confinement *nunc pro tunc*," and noting that Barden "has, without success, exhausted the means he has available to get the Bureau even to consider his plight.").

discretionary review in the Louisiana Supreme Court, La. S. Ct. Rule X § 5. Colvin essentially concedes that he has not presented any of his federal claims to the state courts for review. He fails to allege circumstances that might allow him to avoid exhaustion, and no such grounds exist.

Additionally, a challenge to the computation of a sentence requires exhaustion of administrative review under Louisiana's Corrections Administrative Remedy Procedure ("CARP"), La. Rev. Stat. § 15:1171 *et seq.*, and supervisory review of that procedure by the state courts pursuant to La. Rev. Stat. § 15:571.15.[18] The procedure entails the following:

(1) A challenge to the computation of a sentence must first be brought through the Department's administrative grievance process. La. R.S. 15:1176;

(2) Then, if the administrative remedies procedure is unsuccessful, the inmate can seek judicial review in the 19th Judicial District Court, East Baton Rouge Parish. See La. R.S. 15:1177 and R.S. 15:571.15;

(3) If unsuccessful at the district court level, the inmate can appeal the decision of the 19th JDC to the "appropriate court of appeal." See La. R.S. 15:1177A(10) and R.S.13:312(1);

(4) Should Petitioner's appeal be unsuccessful, Louisiana law allows him to seek supervisory review in the Supreme Court of Louisiana. La.Code Civ. P. art. 2201; La.Code Crim. P. art. 922.

*Ross v. Louisiana*, Civ. Action No. 18-117-P, 2018 WL 2110687, at * 1-2 (citing *Peters v. 9th Judicial District Court*, 2010 WL 545391, n. 1 (W.D. La. 2010)). Colvin has provided copies of his efforts to obtain administrative review at the prison. However, there is no indication that he pursued the matter with the 19th Judicial District or that he sought relief on the

---

[18] *State ex rel. Dalby v. State*, 2016-2259 (La. 4/6/18), 239 So.3d 268.

claims with the Louisiana First Circuit Court of Appeal or the Louisiana Supreme Court.

The undersigned's staff contacted the Clerk of Court for the Louisiana Supreme Court and confirmed that other than the direct appellate review proceedings in 1984, no other writ application has been filed by James Colvin with the Louisiana Supreme Court in connection with these proceedings or raising the claims presented herein.[19] Here, based on Colvin's implied concession and the Court's independent research, he made no attempt to present the claims raised in this federal application to the state courts. Before he may attack the validity of the detainer or the manner in which his sentence is being calculated, he must demonstrate exhaustion of all remedies available through the Louisiana state courts. Colvin has made no such showing. For this reason, Colvin's Section 2241 petition should be dismissed without prejudice for failure to exhaust state court and administrative remedies. *See Cornwell v. Cain*, Civ. Action No. 12-2782, 2013 WL 5673565 (E.D. La. Oct. 16, 2013) (§ 2241 petition dismissed without prejudice for failure to exhaust available state remedies) ) (Order adopting Report and Recommendation) (Africk, J.); *Lastie v. Travis*, Civ. Action No. 08-189, 2008 WL 2794665, at *1-2 (E.D. La. July 18, 2008) (§ 2241 petition alleging improper calculation of release date dismissed without prejudice for failure to exhaust available state remedies) (Order adopting Report and Recommendation) (Africk, J.).

---

[19] As previously discussed (*see supra* note 1), the Court is aware of one writ application filed by the State in October 2017, which is currently still pending before the Louisiana Supreme Court, but in connection with Colvin's state-court application for post-conviction relief challenging the constitutionality of his armed robbery conviction and raising claims of ineffective assistance of counsel. La. S.Ct. Writ No. 2017-KP-1840.

**RECOMMENDATION**

**IT IS RECOMMENDED** that Respondent's Motion for Summary Judgment be **GRANTED** and Colvin's application for federal habeas corpus relief be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[20]

New Orleans, Louisiana, this   16th   day of _____August_____, 2018.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[20] *Douglass* referenced the previously applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to 14 days.